## ETLING v BRENNEMAN

Ohio Appeals, 9th Dist, Wayne Co

No 939.   Decided Oct 8, 1935

G: A. Starn, Wooster, for plaintiff in error.
Henry Critchfield, Wooster, and Ray W. Shaffer, Akron, for defendant in error.

## OPINION

By WASHBURN, J.

It is urged that, as a matter of law, there was no consideration for said writing, because there was no benefit whatsoever to

Etling or any loss or detriment or even inconvenience to Brenneman, and that therefore the trial court erred in not sustaining Etling's motion for a judgment in his favor which was made at the conclusion of all of the evidence.

We understand the law to be well established to the effect that there is a consideration for a promise if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether or not there is any actual loss or detriment to him or actual benefit to the promisor, and that therefore if the jury was warranted in finding that the promise contained in said writing was made to Brenneman solely for the signing by Brenneman of said application, which act he was not bound to do, then there was a consideration for said written promise. That was the only consideration which any of the evidence tended to prove.

There was no detriment to Brenneman, and there was no actual benefit to Etling, and it is difficult to see how, under the circumstances, the mere signing of the application could have been of any benefit to Etling; but if Etling placed a value of $100 upon the mere signing of the application and agreed to pay Brenneman that much for such signing, and, because of such promise of Etling, Brenneman did do that which he was not bound to do, then Etling is bound in law to perform his promise, for the law does not protect him from a mistake of his judgment in making a bargain.

The circumstances are such as to render it most unlikely that Etling would be so foolish as to value so highly the mere act of Brenneman in signing said application, but Brenneman so testified, and apparently the jury believed him as against the evidence of two witnesses and all of the reasonable probabilities arising out of the situation of the parties, and in our judgment such a conclusion is manifestly against the weight of the evidence.

We hold, first, that it was not error for the trial court to overrule the motion of Etling for a judgment in his favor; and second, that the finding of the jury that the promise contained in said writing was made solely in return for Brenneman's doing that which he was not bound to do, is manifestly against the weight of the evidence; and we are unanimous in so holding.

For such error, the judgment is reversed and the cause remanded.

As the case may be retried, we think we should indicate that the trial court ruled incorrectly as to the questions asked of Brenneman on cross-examination which the court refused to permit to be answered, as shown on page 17 of the bill of exceptions.

Judgment reversed and cause remanded.

FUNK, PJ, and STEVENS, J, concur in judgment.